UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-10911-RGS

RYAN DALY, DAVID C. THOMAS,
PAUL T. SILVA, and DIANE INGRAM

V.

AUTOFAIR INC., HAVERHILL FORD, LLC,
HAVERHILL SUBARU, LLC, H. ANDREW
CREWS, and DAVID HAMEL

MEMORANDUM AND ORDER ON MOTION TO ENJOIN
SUPERIOR COURT CLASS ACTION SETTLEMENT

September 14, 2021

STEARNS, D.J.

Petitioners Ryan Daly, David Thomas, Paul Silva, and Diane Ingram filed this action for declaratory relief asking the court to issue an emergency preliminary injunction staying a Massachusetts Superior Court proceeding in which the class action representatives have moved for final approval of a settlement of claims for unpaid wages brought against defendants AutoFair, Inc., Haverhill Ford, LLC, Haverhill Subaru, LLC, H. Andrew Crews, and David Hamel. Because the state court action is brought pursuant to Mass. R. Civ. P. 23, which lacks an opt-out provision, petitioners argue that their "claims for unpaid wages will be resolved without their consent and also make moot [their] separate, individual arbitrations in which they are

pursuing these same claims pursuant to valid, enforceable arbitration agreements." Pets.' Mem. at 2 (Dkt #14). They assert that defendants' offer to settle the claims of the class for unpaid wages in the state court action is in violation of the express terms of their valid, enforceable Mutual Arbitration Agreement[s] for Employees of AutoFair (Arbitration Agreement), "thus running afoul of the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. (FAA) and federal preemption law." *Id.* In response, defendants contend that petitioners' preemption argument fails as the Arbitration Agreement makes clear that the Massachusetts Arbitration Act, and not the FAA, governs. Defendants also contend that the petition for declaratory relief brought in the federal district court is barred by the Anti-Injunction Act (AIA) and, notwithstanding, the arbitrators in petitioners' cases have found that "even if the FAA did apply, numerous courts have held that their claims may still be resolved as part of a class wide settlement." Opp'n at 1 (Dkt #22).

Recognizing the competing interests at play – the limited jurisdiction of a federal court to enjoin a state court proceeding on the one hand, and the deference accorded arbitration agreements on the other,[1] this court asked

---

[1] The FAA was enacted primarily to "overcome judicial hostility to arbitration agreements." *See Allied-Bruce Terminix Cos., Inc. v. Dobson,* 513 U.S. 265, 272 (1995). The provisions of the Act "embod[y] the national policy

2

defendants to show cause why it should preclude petitioners from arbitrating their claims.  *See* Dkt #17.  Defendants filed their Opposition and accompanying affidavit to the motion for preliminary injunction on August 30, 2021.  Petitioners filed a Reply on September 9, 2021.

## BACKGROUND

On May 22, 2018, Alexis Chechowitz, a former AutoFair, Inc. sales employee, filed an action in Middlesex Superior Court against AutoFair and others, on behalf of defendants' Massachusetts sales associates and service advisors, alleging that the defendants had failed to properly compensate commissioned employees under the Massachusetts Wage Act.  *See Chechowitz v. AutoFair, Inc.,* C.A. No. 1881-CV-01492.  The parties agreed to stay the proceedings pending decisions from the Massachusetts appellate courts in two cases impacting Chechowitz's claims – *Laurita Sullivan v. Sleepy's LLC*, C.A. No. 17-12009-RGS (D. Mass. June 6, 2018) (questions certified to the Supreme Judicial Court), and *Cerulo v. Herbert G. Chambers*, C.A. No. 1681-CV-03749 (on appeal to the Massachusetts

---

favoring arbitration and place[ ] arbitration agreements on equal footing with all other contracts.'" *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006).

Appeals Court).[2] The Superior Court granted the parties' joint motion to stay on August 28, 2018.

In August of 2019, *Chechowitz*'s counsel informed counsel for petitioners in this case, Richardson and Cumbo (R&C), of the *Chechowitz* class action and ongoing efforts to settle the case on a class wide basis. *Chechowitz's* counsel and R&C communicated about the case throughout 2020. *See* Hoffman Decl. ¶ 2 (Dkt 23-1).

Petitioners filed their demands for arbitration with the American Arbitration Association (AAA) on April 1, 2020. *Id.* ¶ 7. Individual arbitrations proceeded, and the parties engaged in discovery and motion practice. On January 2, 2021, the parties in *Chechowitz* submitted a class wide settlement agreement to the Superior Court for approval. AutoFair then moved to stay petitioners' arbitrations pending approval of the class settlement. Each of the individual arbitrators issued opinions staying their respective proceedings in deference to the state court case, each noting that claimants "may raise any concerns that the proposed class action settlement in *Chechowitz* does not adequately protect [their] interests by objecting to that settlement in the Massachusetts Superior Court." Dkt #23-3 (Thomas

---

[2] FairWork, P.C., the firm representing the class in *Chechowitz*, was counsel in both appellate cases.

Order dated Jan. 27, 2021) at 2; *see also* Dkt #23-4 (Silva Order dated Feb. 8, 2021) ("If, however, the Court determines that Silva is not subject to the terms of the CASARC and his claims should not be released, this arbitration will continue afterward."); Dkt 23-5 (Ingram Order dated Feb. 5, 2021) ("Ingram's actions support the view that she agrees with Arbitrator Hawks-Ladds, as I do, that the issue as to whether she will be bound by the [*Chechowitz*] Settlement Agreement is best resolved by the Superior Court."); Dkt 23-6 (Daly Order dated Feb. 8, 2021) ("Claimant can raise any objections to the settlement agreement and, indeed, in his Motion to Intervene has raised in the Chechowitz case the same objections that he has raised in the context of the current motion in this proceeding."). The *Chechowitz* parties moved for preliminary approval of the settlement on January 20, 2021, and the petitioners moved to intervene on February 17, 2021, asking the Superior Court to stay the litigation and compel arbitration. Judge Wall denied the motion on May 21, 2021, both as to right and permissive intervention, citing petitioners' inaction and unfairness to the remaining class. Petitioners appealed the ruling on May 28, 2021, and filed this action on June 1, 2021.

## DISCUSSION

In determining whether to grant a preliminary injunction, a court weighs the following four factors:

> the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

*Esso Std. Oil Co. (P.R.) v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006). *See also ANSYS, Inc. v. Computational Dynamics N. Am., Ltd.*, 595 F.3d 75, 78 (1st Cir. 2010); *Wine & Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 46 (1st Cir. 2005). Petitioners "bear[] the burden of establishing that these factors weigh in [their] favor." *Esso Std. Oil Co.*, 445 F.3d at 18.

The AIA provides that state court proceedings may be enjoined by district courts in only three specific circumstances: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C.S. § 2283. The AIA, which is based on the "fundamental constitutional independence of the States," reflects Congress' adoption of a policy "under which state proceedings 'should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court.'" *Chick Kam*

*Choo v. Exxon Corp.,* 486 U.S. 140, 146 (1988), quoting *Atl. Coast Line R. Co. v. Bd. of Locomotive Eng'rs*, 398 U.S. 281, 286-287 (1970) (The statute serves as an "absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions.").[3]

**Likelihood of Success on the Merits**

On entering employment with AutoFair, petitioners signed the Arbitration Agreement. While the preamble to the Agreement states that "[a]rbitration is conducted in accordance with and pursuant to the Federal Arbitration Act and/or applicable state arbitration law(s)," § 11 reads as follows:

> Governing Law: The Massachusetts Arbitration Act shall govern the interpretation, enforcement, and proceedings (except as otherwise outlined in the applicable American Arbitration Rules) pursuant to this Agreement. To the extent that the Massachusetts Arbitration Act is not applicable, then the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. will apply. In all other respects, Massachusetts Law will govern all disputes in this Agreement.

---

[3] "[W]hen a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act." *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993), citing *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir.1988) (en banc); s*ee also Ellrich v. Neel*, No. 09-11717-RWZ, 2010 WL 1710834, at *2 (D. Mass. Apr. 26, 2010) ("The AIA prohibition is equally applicable to a declaratory judgment where . . . the declaration would have the same effect as an injunction."), citing *Gloucester Marine Rys. Corp. v. Charles Parisi, Inc.,* 848 F.2d 12, 15 (1st Cir. 1988).

*See* Pl.'s Mem. Ex.s A at 1, 5 (Dkt 14-1); *see also AT&T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) ("[A]rbitration is a matter of contract."), quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960).

In their Reply, petitioners argue that the AIA permits this court to enjoin the state court proceedings as "necessary in aid of its jurisdiction." Dkt #24 at 7. However, the policy favoring arbitration confines the role of the federal court in arbitration disputes to issues of arbitrability and the confirmatory (and for the most part, ministerial) approval of an award. In the first instance, it is for the court to decide the validity of an arbitration clause, *see First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 945 (1995), which petitioners do not dispute. "[O]ther types of claims, including even some 'gateway questions' that might dispose of the entire claim, are presumptively left to the arbitrator. This category includes procedural questions which grow out of the dispute and bear on its final disposition.'" *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 10 (1st Cir. 2005), quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 85 (2002*). See also Nat'l Cas. Co. v. First State Ins. Group*, 430 F.3d 492, 499 500 (1st Cir. 2005); *Shaw's Supermarkets, Inc. v. United Food & Commercial Workers Union, Local 791*, 321 F.3d 251, 254 (1st Cir. 2003). As the purpose of

8

petitioners' lawsuit is to stay the *Chechowitz* (state court) proceedings in favor of their individual arbitrations, there is no jurisdiction in this court and the AIA therefore applies.

Moreover, the arbitrators in petitioners' cases have ruled on the matter. *See* Hoffman Decl., Ex. C, Thomas Order dated Jan. 27, 2021 ("If Claimant is part of the *Chechowitz* class settlement, then he has settled all of his wage claims via the settlement in that matter (assuming that the settlement is approved by the Superior Court). . . . The issue of Claimant being part of the *Chechowitz* class of plaintiffs who settled their claims is better heard by the Superior Court which can decide whether or not Claimant is part of the class or is not part of that class."); Ex. D, Silva Order dated Feb. 8, 2021 (finding that FAA did not apply due to choice of law clause, and stating "it is well-established law that parties to an otherwise enforceable arbitration agreement can settle their claims in court when they do not opt out of a class wide settlement, even if their failure to opt out was unintentional."); Ex. E, Ingram Order dated Feb. 5, 2021 (staying case and observing that: "Courts have consistently ruled that class action settlements supersede a class member's ability to arbitrate claims released as part of that settlement."); Ex. F, Daly Order dated Feb. 8, 2021 (granting stay and reasoning that if the *Chechowitz* settlement were approved, Claimant would

be bound by the release).   While petitioners may believe that these rulings are in error, this court "'cannot pass on an arbitrator's alleged errors of law and, absent fraud, we have no business overruling an arbitrator because we give a contract a different interpretation.'"  *Mass. Highway Dep't v. Am. Fed'n of State, Cty. and Mun. Emps.*, 420 Mass. 13, 15 (1995), quoting *Concerned Minority Educators of Worcester,* 392 Mass. 184, 187 (1984).

## ORDER

For the foregoing reasons, petitioners' motion for a preliminary injunction is DENIED.

SO ORDERED.

Richard G. Stearns
UNITED STATES DISTRICT JUDGE
